UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 23-CR-266 (KMM/DTS) |
| Plaintiff, | |
| v. | **ORDER** |
| Devon Lamont Holt, | |
| Defendant. | |

The Court held a final pretrial conference in this matter on January 3, 2024 and issued bench rulings on most of the parties' motions in limine and Defendant Devon Lamont Holt's motion to dismiss the indictment. This Order is intended to memorialize the Court's decisions and provide a ruling on two motions, discussed below.

**I.      The Government's Motions in Limine**

   **A.  Motion in Limine Nos. 1–4 (ECF 60)**

In Motion in Limine No. 1, the government asks the Court to preclude the defense from offering or referring to any hearsay statements of Mr. Holt in the presence of the jury under Fed. R. Evid. 802. At the hearing, no objection was made, and the motion was granted.

In Motion in Limine No. 2, the government asks for an order sequestering potential witnesses, except the case agent, pursuant to Fed. R. Evid. 615. At the hearing, no objection was made, and the motion was granted. The court will also permit Mr. Cotter's co-counsel to sit at the defendant's table, as needed, throughout the trial.

1

In Motion in Limine No. 3, the government seeks an order precluding the defense from referring to the potential penalties faced by Mr. Hallmon if convicted of the offense alleged in the Indictment. At the hearing, no objection was made, and the motion was granted.

In Motion in Limine No. 4, the government asks the Court to limit defense cross-examination of any witness regarding prior bad acts or convictions of the witnesses to only those matters permitted under Fed. R. Evid. 404, 608, and 609. At the hearing, the Court declined to rule on this motion in the abstract. The Court will make appropriate evidentiary rulings as they arise.

### B. Motion in Limine No. 5 (ECF 61)

In Motion in Limine No. 5, the government asks the Court to preclude cross-examination regarding the details of witness M.J.'s felony convictions beyond the fact that she has been convicted of two felonies and the years of conviction. At the hearing, the Court heard argument on this motion. The Court ruled that a 2013 conviction was not admissible for any purpose, unless the door was opened at trial. As to a 2020 conviction and a 2023 conviction, the Court took the matter under advisement.

Federal Rules of Evidence 609 and 403 allow for the admission of evidence of a criminal conviction for the purposes of impeachment, absent the danger of, among other things, unfair prejudice or confusion. Employing these rules, courts typically allow for the introduction of evidence concerning the name, date, and disposition of a witness's felony. *See, e.g.*, *United States v. Shelledy*, 961 F.3d 1014, 1023 (8th Cir. 2020).

However, "[t]he ability to introduce the specific crime is not a license to flaunt its details. *Id.* (quoting *Cummings v. Malone*, 995 F.2d 817, 826 (8th Cir. 1993)).

The Court has researched whether there is support for the government's request to exclude the names of the crimes underlying M.J.'s prior conviction and has determined that such an exclusion is within the Court's discretion. In *U.S. vs. Ford*, for example, the 8th Circuit upheld a district court's decision to exclude the "specific nature," including the name, of a witness's prior felony conviction and only allow the jury to be told the fact that the witness had been convicted of a felony. 17 F.3d 1100, 1103 (8th Cir. 1994). The court reasoned that "in an appropriate case [the trial judge] might exclude the names of specific crimes under Rule 403." *Id.* (quoting *Cummings*, 995 F.2d at 826); *see also Foulk v. Charrier*, 262 F.3d 687, 699-700 (8th Cir. 2001) (affirming district court where it admitted fact of witness's felonies but excluded the specific names of the felonies pursuant to Rule 403).

Here, the Court will exercise its discretion to allow the introduction of the names of M.J.'s 2020 and 2023 convictions, though the parties agree that the title of M.J.'s firearm offense can be simplified. The prejudice concerns under Rule 403 are simply lesser in this case, where M.J.'s convictions involve gun possession and threats, than in *Ford*, where the conviction at issue was for a sex offense involving a minor. As such, the Court will apply the typical approach to convictions admitted under Rules 609 and 403 and allow the introduction of the year of each conviction, the name of the conviction, and the fact that the conviction was for a felony but will permit no further inquiry. The Court

3

will also give a limiting instruction to the jury, based on a forthcoming discussion with the parties.

### C. Motion in Limine No. 6 (ECF 62)

In Motion in Limine No. 6, the government seeks to admit statements contained in two recorded 911 calls and one BWC clip of M.J.'s initial on-scene statement to police. The government argues that these statements are non-testimonial exceptions to the rule against hearsay and that they do not run afoul of the Confrontation Clause. At the hearing, the Court heard argument, and the motion was granted.

### D. Motion in Limine No. 7 (ECF 63)

In Motion in Limine No. 7, the government moves the Court for an order to introduce evidence in the form of postings and messages from Mr. Holt's Facebook account, in which Mr. Holt allegedly makes references to possessing a firearm. The government argues that this evidence should be admitted as intrinsic evidence, or in the alternative, under Fed. R. Ev. 404(b) for the purposes of showing knowledge, intent, and motive. At the hearing, the Court heard argument, and the motion was granted in part, and denied in part. The Court will allow certain Facebook messages to be introduced and will exclude others pursuant to Rule 403.

### E. Motion in Limine No. 8 (ECF 64)

In Motion in Limine No. 8, the government moves the Court for an order permitting the Government to introduce evidence of Mr. Holt's prior convictions— should he choose to testify at trial—for purposes of impeachment pursuant to Federal Rules of Evidence 609. The government identified the convictions in question as a third-

degree drug sale conviction from November 2012 and a fifth-degree drug possession conviction from August 2021. At the hearing, the government clarified that it would not seek to introduce evidence about the 2012 conviction, and the Court granted the motion as to the 2021 conviction.

### F.  Motion in Limine No. 9 (ECF 65)

In Motion in Limine No. 9, moves the Court for an order precluding the defense from presenting questions, evidence, references, or arguments concerning national or local controversies regarding police officers, or concerning the legality of the searches and seizures in this case. At the hearing, no objection was made, and the motion was granted.

## II.  Mr. Hallmon's Motions in Limine

### A.  Motion to Exclude Facebook Posting Evidence (ECF 66)

Mr. Holt moves the Court to issue an Order excluding all testimony or evidence of posts from the Defendant's Facebook account from admission in his trial. The Court

granted this motion in part and denied in part, consistent with its ruling as to the government's Motion in Limine No. 7 (ECF 63).

### B. Motion to Exclude Any Reference to Gang Affiliation (ECF 67)

Mr. Holt moves the Court to issue an Order excluding all testimony, reference or evidence of that defendant is allegedly a member of, involved in or connected to a gang. At the hearing, no objection was made, and the motion was granted.

### C. Motion to Exclude Jailhouse Recorded Telephone Calls (ECF 68)

Mr. Holt moves the Court to issue an Order excluding all testimony or evidence of jail phone calls that are not directly referencing firearms or the events of the date of the Defendant's arrest and the recovery of the subject firearm on October 25, 2022. At the hearing, the government indicated it does not intend to use jail calls in its case-in-chief and would only seek to do so in response to relevant testimony. The Court therefore declines to rule on this motion in the abstract and instead will do so during the course of trial should the need arise.

### D. Motion to Exclude Evidence of Prior Arrests, Charges, or Convictions (ECF 69)

Mr. Holt moves the Court to issue an Order excluding all testimony or evidence of defendant's prior arrests, police calls or convictions that are not directly referencing firearms or the events of the date of the Defendant's arrest and the recovery of the subject firearm on October 25, 2022. At the hearing, the government indicated that it does not intend to offer such evidence or testimony in its case-in-chief and will only seek to do so

in response to relevant testimony. The Court therefore declines to rule on this motion in the abstract and instead will do so during the course of trial should the need arise.

### E. Motion for Admission of Government Witness M.J.'s Criminal Record (ECF 70)

Mr. Holt moves the Court for an Order permitting cross-examination of M.J. regarding certain criminal charges and convictions and for admission into evidence of documents regarding the same. The Court grants this motion in part and denies in part, consistent with its ruling as to the government's Motion in Limine No. 5 (ECF 61).

**IT IS SO ORDERED**.

If this Order can be read to contradict any rulings from the pretrial conference, the discussion at the conference controls the question. If the parties have any questions regarding the Court's rulings or need further clarification, they are instructed to email chambers.

## III.   Mr. Holt's Motion to Dismiss (ECF 78)

Mr. Holt filed a motion seeking to dismiss the Indictment, arguing that the prohibition in 18 U.S.C. § 922(g)(1) on possession of firearms by felons is unconstitutional on its face and as applied to his case. Mr. Holt argues that under *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), a regulation prohibiting possession of firearms is constitutionally permissible only when the government can show that it is consistent with the nation's history and tradition of firearms regulation, and because he has only been convicted of non-violent felonies, the government cannot meet its burden in this case. The relief Mr. Holt seeks is foreclosed by

the Eighth Circuit's decisions in *United States v. Jackson*, 69 F.4th 495 (8th Cir. 2023) and *United States v. Cunningham*, 70 F.4th 502 (8th Cir. 2023). Accordingly, the Court denied this motion during the hearing.

    **IT IS SO ORDERED**.

Date: January 8, 2024

                                      *s/Katherine Menendez*
                                      Katherine Menendez
                                      United States District Judge